UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

LEONETTE ALFARO SEVILLA,
Petitioner,
v.
CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center, et al.,
Respondents.

Case No.: 3:26-cv-05782-RBM-DDL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Before the Court is Petitioner Leonette Alfaro Sevilla's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a citizen of Nicaragua, entered the United States on April 10, 2024 after being "issued a CHNV travel authorization[1] . . . and given the right to come to the United

[1] The Cuba-Haiti-Nicaragua-Venezuela, or CHNV, parole program created a process whereby noncitizens could apply in advance to travel to a port of entry and be considered for temporary, humanitarian parole under 8 U.S.C. § 1182(d)(5). *Coal. for Humane*

States." (*Id.* ¶ 3.) Petitioner was paroled into the United States upon her entry. (*Id.*; Doc. 4 at 2.) Petitioner subsequently applied for asylum and received a work permit and a social security card. (Doc. 1 ¶ 4.) In or around June 2026, Petitioner "was arrested by police officers and then taken to jail after her employer accused her of theft." (*Id.* ¶ 34.) On September 15, 2026, Petitioner was convicted of Grand Theft, a third-degree felony, under Florida Penal Code § 812.014. (Doc. 4 at 2 (citing Doc. 4-1 at 4).) Petitioner was sentenced to time served. (*Id.*)

The Department of Homeland Security ("DHS") issued an administrative warrant on June 7, 2026 and served the warrant on Petitioner on September 16, 2026, after she was transferred from the jail to immigration detention. (*Id.*) Petitioner is detained at Otay Mesa Detention Center, where her removal proceedings remain ongoing. (*Id.*; Doc. 4 at 2.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that because she is detained under 8 U.S.C. § 1226(a), her detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 39–62; Doc. 5 at 5–7.) Respondents argue that Petitioner is

---

*Immigrant Rights v. Noem*, 805 F. Supp. 3d 48, 65 (D.D.C. 2025), *vacated on other grounds by Coal. for Humane Immigrant Rights v. Mullin*, 185 F.4th 1275 (D.C. Cir. 2026).

subject to mandatory detention because her conviction for Grand Theft brings her under the mandatory detention provisions of 8 U.S.C. § 1226(c). (Doc. 4 at 4–5.)[2] The Court finds that Petitioner is detained under § 1226(a) and is entitled to immediate release.

**A. Statutory Authority for Petitioner's Detention**

The determinative question here is whether Petitioner is detained under § 1226(a) or § 1226(c). If the mandatory detention provisions of § 1226(c) apply to Petitioner, her INA and due process claims are unavailing. Therefore, the Court begins by discussing the applicable statutory authority.

Section 1226(c) "makes detention during removal proceedings mandatory when the [noncitizen] is 'inadmissible' or 'deportable' for specified reasons—usually because the [noncitizen] has been convicted of a qualifying criminal offense." *Durand v. Allen*, Case No.: 3:23-cv-00279-RBM-BGS, 2024 WL 711607, at *2 (S.D. Cal. Feb. 21, 2024) (citations omitted). There can be no question that Grand Theft under Florida Penal Code § 812.014 is a "qualifying criminal offense." *Id.*; *see* 8 U.S.C. § 1226(c)(1)(E)(ii) (requiring that a noncitizen be, among other things, "charged with, [ ] arrested for, [ ] [or] convicted of . . . acts which constitute the essential elements of any burglary [or] theft. . . ."); Fla. Stat. § 775.082 (imposing "a term of imprisonment not exceeding 5 years" for third-degree felonies); *Obando v. Warden*, Case No. 1:26-cv-04221 (EJD), 2026 WL 2234492, at *2 (E.D. Cal. Aug. 3, 2026) (collecting cases where the petitioners' convictions or arrests for property thefts satisfied this element of § 1226(c)(1)(E)(ii)).

---

[2] Respondents also argue that the Court lacks jurisdiction "to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision . . . by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." (Doc. 4 at 3 (citing 28 U.S.C. § 1252(g)).) The Court has consistently rejected this argument, *see* *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1161–62 (S.D. Cal. 2025), and does so again here for the same reasons. Petitioner seeks to enforce her "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025) (emphasis in original).

As the Parties agree, though, mandatory detention under this provision requires noncitizens to "meet *two* conditions." (*See* Doc. 4 at 2 (emphasis added).) The other condition is that the noncitizen must be "inadmissible under paragraph 6(A), 6(C), or (7) of section 1182(a) of this title." 8 U.S.C. § 1226(c)(1)(E)(ii). Petitioner is not inadmissible under any of these provisions of § 1182(a).

Paragraph 6(A) states that noncitizens are inadmissible if they are "present in the United States without being admitted or paroled," or if they "arrive[] in the United States at any time or place other than as designated by the Attorney General." 8 U.S.C. § 1182(a)(6)(A). The Parties do not dispute that Petitioner entered the United States at a designated port of entry or that she was paroled into the country. Paragraph 6(C) states that noncitizens are inadmissible if they "seek[] to procure (or h[ave] sought to procure or h[ave] procured) a visa, other documentation, or admission into the United States . . . by fraud or willfully misrepresenting a material fact." 8 U.S.C. § 1182(a)(6)(C). Nothing in the record suggests that Petitioner secured her admission into the country by fraud or willful misrepresentation, and Respondents do not argue that point. And paragraph 7 states that noncitizens are inadmissible if they, "at the time of application for admission . . . [are] not in possession of a valid unexpired immigrant visa, reentry permit, or other valid entry document required by this chapter." 8 U.S.C. § 1182(a)(7). In the Ninth Circuit, "at the time of application for admission" refers to "the particular point in time when a noncitizen submits an application to physically enter into the United States." *Torres v. Barr*, 976 F.3d 918, 924 (9th Cir. 2020). At the point in time when Petitioner applied to physically enter into the United States, she possessed a valid CHNV travel authorization. (Doc. 1 ¶ 3.) Therefore, paragraph 7 does not apply to Petitioner either.[3]

---

[3] Several district courts in this Circuit have concluded similarly. *See Shayakhmet v. Warden*, Case No. 5:26-cv-04125-SSC, 2026 WL 2299467, at *2 (C.D. Cal. Aug. 10, 2026) (finding that the petitioner was detained under § 1226(a) and not § 1226(c) where he initially entered the United States on a B-2 visa because "[a] visa overstay is a deportable noncitizen . . . not an inadmissible one, and thus not subject to mandatory detention");

Nor do Respondents advance any argument to the contrary. Their Return states only: "Section 1226(c)(1)(E) requires mandatory detention of [a noncitizen] who is inadmissible as present without admission of parole or not possessing required travel documents (*as Petitioner is*) . . . ." (Doc. 4 at 4 (emphasis added).) This conclusory assertion does not explain how Petitioner's circumstances bring her within any of the three provisions of § 1182(a) such that her detention should be governed by § 1226(c).

"As [P]etitioner is not within the three types of inadmissible noncitizens who may be mandatorily detained under [Section 1226(c)], h[er] detention is discretionary under section 1226(a)." *Quintero v. Warden*, Case No. 1:26-cv-4251-DAD-JDP, 2026 WL 2018614, at *2 (E.D. Cal. July 13, 2026), *vacated on reconsideration on other grounds by* 2026 WL 2142625 (E.D. Cal. July 24, 2026) (citing *Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123, 1136 (D. Nev. 2025) (noting that § 1226(a) continued to "authorize discretionary detention of noncitizens charged with being inadmissible who do not fall into those enumerated exceptions")). Petitioner is detained under § 1226(a).

**B. Remedy**

Petitioner argues that her admittedly expired CHNV parole and her years of living in the United States created a protected liberty interest, and that the deprivation of such interest through her detention without a hearing violated the Due Process Clause. (Doc. 1 ¶¶ 49–60; Doc. 5 at 8.) Respondents do not respond to the due process argument. (*See* Doc. 4 at 1–5.) In light of Respondents' failure to respond, and considering the Court's many Orders granting petitions like the one currently before it,[4] the Court **GRANTS** the Petition.

---

*Quintero v. Warden*, 2026 WL 2018614, at *1–2 (same); *Aliber v. Bondi*, Case No. 2:26-cv-01055-MMD-MDC, 2026 WL 1431111, at *2 (D. Nev. May 21, 2026) (same as to a petitioner who initially entered the United States after being "approved for an immigrant visa and admitted into the United States as an FX-2 lawful permanent resident").

[4] *See Mompremier v. LaRose*, Case No.: 3:26-cv-05354-RBM-GC, ECF No. 6, at *2 n.1 (S.D. Cal. Sept. 11, 2026) (collecting cases).

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of her preexisting parole. "Given Petitioner's criminal charges after [s]he was initially released on conditional parole, the Government may impose other reasonable conditions of supervision." *Arici v. Blanche*, Case No.: 3:26-cv-04512-RBM-DEB, 2026 WL 2771704, at *2 (S.D. Cal. Sept. 16, 2026) (citations omitted).
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge to determine whether detention is warranted. At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that she is not a danger to the community or a risk of flight.[5]

[5] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[6]

**IT IS SO ORDERED.**

DATE: November 3, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

[6] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).